Missouri, Kansas & Texas Railway Company v. J. C. Denton.

Decided April 19, 1902.

1.—Deposition—Signing Answers.

Where the answers in a deposition were written out by the witness himself, those to the direct interrogatories being signed by him, while those to the cross-interrogatories were on a separate sheet, not signed, but fastened in with the others and all followed by the certificate of the officer that they were signed and sworn to before him, this was a sufficient signing as to all the answers.

2.—Same—Identification of Answers.

See depositions held to sufficiently identify the answers therein as the answers of the witness made before the officer, although the officer certified that he reduced the answers to writing, and the witness stated in reply to one of the interrogatories that he wrote the answers himself when no one was present.

3.—Same—Answers Not Written Before Officer.

The witness having assented to the answers by swearing to them before the officer, the fact that they were reduced to writing by him out of the officer's presence was not ground for quashing the deposition.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*T. S. Miller* and *Head & Dillard,* for appellant.

*Wolfe, Hare & Semple,* for appellee.

BOOKHOUT, Associate Justice.—J. C. Denton on the 29th day of May, 1901, filed his petition in the District Court of Grayson County, Texas, against the Missouri, Kansas & Texas Railway Company of Texas to recover damages on account of injuries alleged to have been inflicted on him on the 12th day of November, 1900. He pleaded that he was a passenger on a train northward bound from the city of Sherman to the city of Denison, and that at a point about a mile north of the former city his train,.through the negligence of the defendant, collided with a south-bound freight train and inflicted upon him the injuries on account of which he sued. The case was tried before a jury and resulted in a verdict and judgment for plaintiff for $1800, from which judgment this appeal is taken.

1. It is contended that the court erred in not quashing the deposition of the witness A. Slack for the reasons: (1) What purports to be the answer to the cross-interrogatories are not signed by the witness. (2) The certificate of the officer who took the deposition is not in compliance with the law. (3) The certificate of the officer who took the deposition does not sufficiently identify the answer of the witness, which he certifies were made, signed, and sworn to before him. (4) The witness failed to answer cross-interrogatories which are material. (5) The answers of the witness were not made or reduced to writing in the presence of the officer, but were written out by the witness himself before the officer saw the interrogatories and in his absence. Appellant made a motion to quash said deposition on the grounds substantially above set forth, which motion was overruled. It was made to appear upon the hearing of said motion that the answers of said witness, both to the direct and cross-interrogatories, were in the handwriting of the witness A. Slack himself, and that said interrogatories had been sent by plaintiff direct to said witness and he had written his answers thereto himself in his own office and not in the presence of the officer, and had then taken the answers so prepared and sworn to them before the notary public. It was also made to appear to the court that the answers to the direct interrogatories were written on one sheet of paper and signed by the witness, and what purports to be the answers to the cross-interrogatories were written on another sheet of paper and are not signed by the witness, but that they were attached with counting house paper fasteners. The caption of said answers, after giving the number and style of the case and the court in which it was pending, proceeds as follows: "Answers and depositions of Dr. A. Slack to the accompanying interrogatories propounded to him in the above entitled and num-

bered cause, taken before me, J. W. Trew, notary public, in accordance with the accompanying commission." Then follows the answers to the direct interrogatories, at the end of which appears the signature of the witness. Then follows a caption giving the style of the suit and the court wherein the same was pending, and proceeds as follows: "Answers to cross-interrogatories propounded by defendant to plaintiff's witness, Dr. A. Slack, of Cog Hill, Tenn." Then follows the answers to the cross-interrogatories. The answer to the last cross-interrogatory is: "I have written my answers myself in my office in Cog Hill, Tenn. No one present." The answers to the cross-interrogatories are not signed. Then follows the certificate of the notary as follows: "State of Tennessee, County of McMinn: I, J. W. Trew, notary public, do hereby certify that by virtue of the accompanying commission, bearing date on the 19th day of June, 1901, issued out of the District Court of Grayson County, Texas, in cause No. 13353, wherein J. C. Denton is plaintiff and M. K. & T. Ry. Co. is defendant, I caused to come before me at my office in Dentville, Tenn., Dr. A. Slack, the witness named in said commission, on the 19th day of August, 1901, and propounded to said Slack the direct and cross-interrogatories accompanying and attached to said commission, and reduced his answers to writing, and the answers so taken were signed and sworn to by said witness before me. Witness my hand and official seal this the 19th day of August, 1901. [Seal.] J. W. Trew, Notary Public."

The statute requires that the answers of a witness to a deposition must be signed and sworn to by the witness. The statute must be substantially complied with. Carroll v. Welch, 26 Texas, 147; Railway v. Larkin, 64 Texas, 457. The statute does not require that the answers shall be subscribed by the witness. The question presented is, are the answers of the witness signed by him? It was said by Judge Stayton, speaking for the court in the case of Newton v. Emerson, 66 Texas, 146, that a deed or other instrument may be said to be signed whenever the name of its maker is so written upon it as to evidence his intention to give authenticity to it. In that case the instrument, including the signature of the maker, was entirely written by another, and it was held that by his acknowledgment before the county clerk he adopted and made his own every word including his name then upon the instrument. The answers in this case were written by the witness and his answers to the direct and cross-interrogatories were fastened together. The witness having signed his answers to the direct interrogatories, carried the same to the notary, where they were sworn to by the witness and the notary's certificate was attached thereto in the form above set out. It fairly appears, by these acts, the witness intended to signify his assent to the contents of the answers to both the direct and cross-interrogatories and that his signature should constitute a signing of said answers. Rev. Stats., art. 2284; Newton v. Emerson, 66 Texas, 146; Alexander v. Baylor, 20 Texas, 560; Fulshear v. Randon, 18 Texas, 277; Moss v. Booth, 34 Mo., 316; Read v. Patterson, 11 Lea (Tenn.), 430.

2.   It is insisted that the certificate of the officer who took the deposition does not sufficiently identify the answers of the witness which he certifies were made, signed, and. sworn to before him, or show that the deposition offered in evidence was the deposition made before him. This contention seems to be based upon the apparent conflict between the answer to the eighth cross-interrogatory, in which the witness answers that he wrote his answers himself and no one was present, and the statement in the certificate to the effect that the notary reduced the answers to writing.   The certificate and caption should be read together. The caption preceding the answers to the direct interrogatories correctly gives the style and number of the case, the court, county, and State in which the suit is pending is named, and the answers are declared to be those of Dr. A. Slack to the cross-interrogatories.   The certificate itself says that the answers were taken by virtue of a commission issued out of the District Court of Grayson County, Texas, in the case in which J. C. Denton was plaintiff and the Missouri, Kansas & Texas Railroad Company was defendant, cause being numbered 13353; that the answers are those of Dr. A. Slack to the direct and cross-interrogatories, and that the same "were signed and sworn to by said witness before me."   There is no contention that any other commission was ever issued to take the deposition of said witness.   There is no contention that the answers read in evidence were not those taken on the interrogatories upon which commission was issued June 19, 1901.   The answers themselves show that they are responsive to the questions.   There is no contention that these answers were not returned by the officer with the commission and interrogatories by virtue of which he says the deposition was taken.   We conclude that the deposition clearly identifies the answers therein as the answers of the witness made before the officer.   Nor do we think the fact that the answers were reduced to writing by the witness not in the presence of the officer ground for quashing the deposition.   When the witness went before the officer and swore to his answers he assented to the answers as there given.   Newton v. Emerson, supra; Carlisle v. Plenner, 11 Wis., 99.

3.   There was no error in refusing the special charges the refusal of which is made the ground of complaint in the second and third assignments, for the reason they were embraced in charges already given.

4.   There was evidence sufficient to support the verdict of the jury, and hence the court did not err in overruling the motion for a new trial.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.