JOHN C. PRATHER ET AL. v. HENRY E. PRATHER ET AL.

[52 South. 449.]

1. WILLS. *Establishment. Evidence.*

    Parol testimony alone, or in connection with the instrument, is admissible to show that a writing, testamentary in character, was intended as a will.

2. SAME. *Letter.*

    A letter wholly written and subscribed by the decedent, containing a statement that if anything should happen to the writer he wanted two of his brothers, named therein, to have his property, is a valid will, although not sent to the person to whom it was addressed, if it were retained and intended and treated by the writer as his will.

FROM the chancery court of Franklin county.

HON. JAMES STOWERS HICKS, Chancellor.

Henry C. Prather and others, appellees, were complainants or petitioners in the court below; John C. Prather and others, appellants, were defendants there. From a decree overruling a demurrer to a petition for the probation of an alleged will, the defendants appealed to the supreme court.

The facts were stated by ANDERSON, J., as follows:

"This is an appeal from the chancery court of Franklin county, overruling the demurrer to the petition of W. H. and H. E. Prather, appellees, to which the brothers and sisters and nieces and nephews of the petitioners are made parties, to probate, as the last will and testament of their deceased brother, P. P. Prather, the following writing:

'Office of Prather & Byrd, Dealer in General Merchandise,

                             'Meadville, Miss., 1/3.

    'Mr. H. E. Prather,

        Hamburg, Miss.

'My Dear Brother:

    'This leaves me as well as could expect. Business is very dull here at present. Hope you are all enjoying good health, Say Bro.

if anything should ever happen to me, I want you and Bro. Walter to get what I have, and be sure and not let no one beat you out of it in days to come. As far as Willie is concerned he will treat you right, for he is strictly honest and a gentleman in every respect. Come out some time. Keep this to yourself, and oblige.        Yours truly,

'P. P. Prather.'

"The petition sets up that the petitioner, H. E. Prather, is the party to whom this letter is addressed, and 'Walter' mentioned therein is the other petitioner, and both are brothers of the decedent, P. P. Prather, and that the defendants to the petition are the brothers and sisters of the decedent and of the petitioners, and their nieces and nephews; the decedent having died single without issue. The petition alleges further: 'Petitioners would show that the above instrument is the last will and testament of P. P. Prather, deceased, and that it was written in the form of a letter and addressed to the said H. E. Prather, and marked "Personal," and was by the said P. P. Prather, deceased, wholly written, dated, and signed in the handwriting of the said P. P. Prather, deceased, and sealed and deposited by the said P. P. Prather in his trunk with his personal and private papers, and was found therein duly written, signed, and dated as aforesaid, after the death of the said P. P. Prather, and was duly turned over to H. E. Prather. Petitioners would show that when the said P. P. Prather wrote "Bro. Walter" he meant and intended his brother Walter H. Prather. Petitioners would show that although the said will in the form of a letter was addressed to H. E. Prather, Hamburg, Miss., and from the face of the letter it was to be mailed, yet in truth and in fact the said P. P. Prather, intending the said letter as a will, and knowing that it was necessary for the same to be preserved, he never intended mailing the said instrument, but intended, when he wrote it, that it should be his last will and testament, and

that he would write it in the form of a letter, and that he would keep it in his private papers for safe-keeping, so that at his death the said H. E. Prather and Walter Prather would come into possession of the same, and thereby take under it all of his property, as was the intention of testator. Petitioners would further show that the said P. P. Prather, a short while before the date of the said will, went to Dr. T. K. Magee, a personal friend of his, seeking advice as to the disposition of his property, saying that he wanted to leave what he had to his brothers, Walter and H. E. Prather, and wanted to fix it so that no one would beat them out of it, and that he was advised by Magee to make a will, and for him to be sure that it was in his own handwriting, for then it would not require witnesses; that the said Prather remarked that he thought he knew how to write a will that would stick, and that he (Prather) would write it and place it in his trunk, and that if anything ever happened to him for said T. K. Magee to tell H. E. Prather or Walter Prather where they could find it; that, acting under the instructions of said Magee, the said testator made and executed the above instrument in the form of a letter and in his own handwriting, and placed the same in his trunk, where same was found after his death; that when the testator wrote the letter he intended it as his last will and testament, and never intended to mail, but to keep the same in his trunk, as per conversation to said Magee, for safe-keeping, and to retain the same within his possession and control, and the said instrument is the last will and testament of the said P. P. Prather, and under and by virtue of the same all the property of testator, P. P. Prather, both real and personal, passes to your petitioners in equal parts.' "

*R. L. Corban* and *Bennett & Torrey,* for appellants.

The paper purporting to be a will in *Young v. Wank,* 76 Miss. 829, 25 South. 660, is stronger than the letter which appellees

are seeking to probate.    There is nothing in the petition to con-
nect the letter with the suggestion, made more than a year before
the death of the decedent, to Magee, that he intended to make
such a will.    Within a year's time, if Prather had seen proper
to make a will, he could have done so, and being an intelligent
man and advised as to the necessary contents of a will, it would
seem that he changed his mind and never wrote a will.    It is
not the province of courts to add anything to, or take anything
from the paper offered for probate as the last will and testament
of a deceased person.    It must stand or fall on its own merits.
A vague and indefinite letter cannot be construed to be a will,
aided only by the fact that the party who had written the letter
consulted a friend more than a year before his death and told
him that he was going to make a will, and place it among his
papers and requested his friend to tell his brother that he would
find it.    The presumption in this case is that decedent changed
his mind, or neglected to make the will, and in either event, the
legal effect is the same.

The case at bar is different from the case of *Buffington v.
Thomas,* 84 Miss. 157, 36 South. 1039.    The letter in the case
at bar, sought to be probated, is a mere statement that if any-
thing should happen to the writer he wanted his brothers named
to have what he had and not to let anyone beat them out of it
in days to come.    It does not even state that he wants his prop-
erty to go to his brothers named in case of his death to the ex-
clusion of his other brothers and sisters, and the whole purport
of the paper, and the conversation with Magee leads to the
conclusion and only to the conclusion that at the time he had
the conversation and wrote the letter, he intended to will his
property to the two brothers named.    If such will has ever
been made, it has not been offered for probate.

*McKnight & McKnight,* for appellees.

The question in this case is one of intention and the form is unimportant except as it sheds light on the question of intention.

In form the writing may be "an endorsement on the back of a promissory note, an entry in a diary, a letter to the donee of some or some other person, an order, a deed, a contract, a power of attorney or a non-descript. It need not dispose of all of the decedent's property nor appoint an executor. Of course it cannot be given effect as a will unless it complies with the statutes of the state as to signing, witnesses, publication, etc., but the point emphasized is, that a will is a testamentary disposition, something intended to operate as a disposition; if a disposition was not intended it cannot be a will. If a posthumous disposition was intended it is a will, valid if the statute as to executing wills is complied with, otherwise void; but no precise language is essential." Rood on Wills, § 60.

"If I am not living at the time this note is paid I order the contents to be paid to A. H." was written upon the back of the note and signed by him. The payee died before the note was paid. It was held that the endorsement was testamentary and entitled to probate as a will. *Hunt v. Hunt,* 17 Am. Dec. 438, and authorities and cases there cited.

"I have prospered and accumulated * * * and, Ann, after my death you are to have $40,000. This you are to have will or no will. Take care of it until my death. Ann, keep this to yourself. J. Henry Hoppe to Eliza Ann Byers," held to be a will. *Byers v. Hoppe* (1883), 61 Md. 207, 48 Am. Rep. 89.

"Dear Old Nance: I wish to give you my watch, two shawls and also $5,000. Your old friend, E. A. Gordon." This was held to be a will. *Clark v. Ransom,* 50 Cal. 595.

In a box kept by the deceased were found a deed of land from him to his sister, and a letter in his handwriting, addressed to her, in which he informed her that he had executed the deed and that it could be made operative at any time by recording it. In the letter he said, "We all know that life is uncertain and we do not know the moment that we may be carried away. I therefore want you to know that you are provided for under any circumstances." The deed and letter together were held to constitute a will. *Skerrett's Estate,* 67 Cal. 585.

A letter which had been written by the deceased to a friend was allowed to probate as a will, and contained the following: "A thousand accidents may occur to me which might deprive my sisters of that protection which it would be my study to afford; and in that event I must beg that you will attend to putting them in possession of two-thirds of what I may be worth, appropriating one-third to Miss C. and her child, in any manner that may appear most proper." *Morrell v. Dickey,* 1 Johns. Ch. (N. Y.) 153. Similar cases are *High's Appeal,* 2 Doug. (Mich.) 515; *Gratton v. Appleton,* 3 Story C. C. 755, Fed. Cas. No. 5,707.

On an envelope were the words "Dear Bella: This is for you to open." Inside were a note for $2,000 and a letter reading: "Lewiston, October 2nd, 1897. My wish is for you to draw this $2,000 for your use should I die sudden. Elizabeth Fosselman." This was sustained as a will. *Fosselman v. Elder,* 96 Pa. St. 159. A similar case is *Tozer v. Jackson,* 164 Pa. St. 373, 30 Atl. 400.

A letter was addressed to no one in particular, precatory in form: "A few things I would like to have done: Please let sister have my house rent as long as she may live." This was held to be a will. *Knox' Estate,* 131 Pa. St. 220, 18 Atl. 1021.

In the case of *Anderson v. Prior,* 10 Smed. & M. 620, letters, extracts from which are quoted in the statement of the case, were

held to be a will, the court holding that it was competent to do this where the will was sufficient and legal under the statute, the court saying: "The first mentioned letters were clearly testamentary. They only show the intention to make a bequest and are valid as such."

The will of Prather in this case is testamentary upon its face and entitled to rank among the examples cited above, of letters which have been held to be wills. It is duly executed, being wholly written and subscribed by the testator and the intention of the testator can be ascertained therefrom. The property is adequately described and the donees expressly named.

Aided by the allegations of the petition, there can be no doubt of the right to so aid this instrument. Usually no proof of testamentary intent is required, for it sufficiently appears on the face of the paper; but if there be any doubt on the matter, the circumstances under which the will was executed may be shown in detail." Rood on Wills, § 62, and authorities thère cited.

The demurrer deals both with the instrument as set out in the petition and with the circumstances alleged to have surrounded the making of the instrument propounded as the will of P. P. Prather, and if we are entitled to look to the circumstances surrounding the execution of the instrument in order to determine its character as testamentary or otherwise, when not shown by the instrument itself, then, since it is an undisputed proposition of law that the demurrer admits the truth of the allegations of the petition, we cannot see how the court could have done otherwise than overrule the demurrer in view of the allegations of the petition, as to what passed between Prather and Magee and as to the finding of the instrument in question in the exact place where Prather told Magee he intended to leave a document which he thought he could make stick as a will.

Argued orally by *Theodore McKnight,* for appellee.

Anderson, J., after stating the facts as above, delivered the opinion of the court.

In *Young v. Wark,* 76 Miss. 829, 25 South. 660, it was held that: "Want Sarah relatives have all property. S. A. M. Sadler"—was neither in form nor substance a will, and, in the absence of evidence to show that it was intended as a will, it was not in fact such; and in *Redhead v. Redhead,* 83 Miss. 141, 35 South. 761, the following was held to be a valid will: "Realizing the uncertainty of life at all times, and the dangers incident to travel, I leave this as a memoranda of my wishes *should anything happen to me* during my intended trip to Buffalo and other places"—followed by a disposition of his estate. In *Buffington v. Thomas,* 84 Miss. 157, 36 South. 1039, 105 Am. St. Rep. 423, it was held: "A letter, testamentary in its character and wholly written and dated and signed by the testator, is a valid holographic will, although it contains a request to the person to whom it was addressed, to keep its contents private"—and the fact that it requested an answer from the person to whom it was addressed did not make it dependent upon a contingency, although it was never answered, and the testator lived several months after writing the letter.

Whether a writing was intended as a will may be shown by parol testimony alone, or by such testimony together with the writing. The letter under consideration by its language is testamentary in character. It purports to be a will. However, the language: "This leaves me as well as could expect. Business is very dull here at present. * * * Come out some time"—clearly shows it was written to reach the hands of the brother at an early date, and before the death of the writer; and the fact that it did not, and was found in possession of the latter at his death, unexplained, would sufficiently prove that he had abandoned treating it as his will, that he did not intend it as his will. On the other hand, if the allegations of the pe-

tition are true, that for sufficient reasons to be shown the decedent never intended to deliver the writing to his brother during the former's lifetime, but kept it, treating and intending it as his will, then it is his will.

Affirmed and remanded, and defendants given thirty days after mandate filed in court below in which to answer.

*Affirmed.*