### BETTER ET AL. *v.* HIRSCH ET AL.

[76 South. 555, Division B.]

1. WILLS. *Execution. Signature. Statutes.*
   A will was properly executed under Code 1906, section 5078, where
   a testatrix went to a bank and procured a will she had previ-
   ously executed from among her private papers, re-wrote it in
   her own handwriting, beginning: "I, Mrs. Mollie Herman of War-
   ren County, Mississippi, of sound mind and memory make this
   my last will," but did not sign it at the end of the will, and
   sent for the two subscribing witnesses, who attested the docu-
   ment in her presence, at her request, and thereupon the old will
   was destroyed; such circumstances showing that the writing of
   testatrix's name in the body of the will was intended as her
   signature to the same.

2. SAME.
   In such case it was not necessary for the attesting witnesses to
   sign the will in the presence of each other, since the statute does
   not so require.

3. WILLS. *Holographic wills. Subscribed.*
   Where a will is probated as a holographic will, it must be not
   only written, but "subscribed" by the testator under Code 1906,
   section 5078, so providing.

4. WILLS. *Signature in body of will. Intention of testator.*
   Whether the signature written in the body of a will in any case
   is the completed act or not, depends on the intention of the
   testator, and may be regarded as a question of fact to be an-
   swered and controlled by the testimony in each case.

5. WILLS. *Statutes prescribing essentials of execution. Construction.*
   Where the facts show an effort by the testator in good faith to
   execute a will, there should be no technical and hard rules of
   construction of the statute prescribing the essentials for the ex-
   ecution of a will, in order to defeat her purpose.

APPEAL from the chancery court of Warren county.
HON. E. N. THOMAS, Chancellor.

Suit by Mrs. Phillip Better and others against Frank
Hirsch, executor, and others. From a judgment for de-
fendants, plaintiff appeals.

Appellants, who were certain heirs at law of Mrs. Mollie Hermann, filed a suit in the chancery court of Warren county, the purpose of which was to set aside and nullify the will of the said Mrs. Hermann, who died a widow without children, leaving appellants and others as her heirs at law.  Some time previous to her death she had had a will drawn by her attorney, but a few days before her death she took this will from the bank, where it had been deposited for safekeeping, and rewrote it in her own handwriting.  On the day of her death she added a concluding paragraph and sent for the subscribing witnesses, who signed the will in her presence, but not in the presence of each other.  Mrs. Hermann did not subscribe her name at the end of the will, but wrote the entire will in her own handwriting, the opening paragraph of which is:

"I, Mrs. Mollie Hermann, of Warren county, Mississippi, of sound mind and memory, make this my last will."

Shortly after the attestation of the will by the two subscribing witnesses, Mrs. Hermann died.  Subsequently this suit was filed against the executor and certain beneficiaries under the will, which had been duly probated.  The contestants set up the following grounds for avoiding the alleged will:

"(1)  That the paper, though admitted to probate in common form, is not the true last will and testament of decedent.  (2)  That the said writing was not executed as required by section 5078 of the Mississippi Code of 1906, in that it was not signed or subscribed by the decedent.  (3)  That the writing is too vague, indefinite, uncertain, and contradictory, both as to bequests and beneficiaries, to be legally effective as a last will and testament.  (4)  That the said decedent was mentally incapable of making a will at the time the writing purports to have been excuted.  (5)  That the decedent had for many years entertained towards complainants violent and absurd prejudices, based on misinformation and

mental delusions, and that the paper in question was the result of such insane delusions."

Section 5078 of the Code is as follows:

"Every person aged twenty-one years, male or female, married or unmarried, being of sound and disposing mind, shall have power, by last will and testament, or codicil in writing, to devise all the estate, right, title, and interest in possession, reversion, or remainder, which he or she hath or at the time of his or her death, shall have, of, in, or to lands, tenements, hereditaments, or annuities, or rents charged upon or issuing out of them, or goods and chattels, and personal estate of any description whatever, so as such last will and testament, or codicil, be signed by the testator or testatrix, or by some other person in his or her presence, and by his or her express direction; and, moreover, if not wholly written and subscribed by himself or herself, it shall be attested by two or more credible witnesses in the presence of the testator or testatrix."

*J. C. Bryson* and *A. M. Klein,* for appellant.

We submit that the pleadings raise, and the testimony affirmatively establishes, the following issues: First, that the paper in question was never completed and that Mrs. Mollie Hermann died leaving it in an unfinished and inchoate state; second, the signature of the decedent appearing near the beginning of the instrument was not made in final execution of the instrument as required by section 5078, Mississippi Code, 1906, and was not a signing of the instrument in legal contemplation and effect; third, that the decedent while working at the said instrument had become so weakened by sickness, the near approach of death, and the mental effect of writing as to become incapable of knowing what she was about and of comprehending the nature of the work she was attempting to perform and to bear in memory the property she possessed or the persons on whom she

desired to bestow it; fourth, that the paper is not enforceable as to a holographic will because, in addition to the grounds against it as an attested will, it was not subscribed by the decedent as required by statute.

As to failure to complete and sign instrument: The first and second proposition set out above are so closely connected in fact and legal effect that we deem it best to present them together. Let us first consider what the statute contemplates by requiring that the instrument "be signed by the testator."

Mr. Webster defines the transitive verb "signed" as "third, to affix a signature to; to ratify by hand or seal; to subscribe in one's own handwriting;" and the intransitive verb "sign" he defines as "third, to write one's name as a token of assent, responsibility or obligation."

Under these definitions "to sign" is the act of giving vitality to an instrument by the writing of one's name or having it written with the conscious purpose of vitalizing or becoming bound by the instrument of writing. It is immaterial where the signature may be placed on the paper whether above, below, or in the body of the instrument, but it is essential that wherever it may be placed, it shall be done with the conscious purpose of giving effect to the writing. *Barksdale* v. *Bullington,* 69 So. 891; *Board of Trustees* v. *Campbell,* 48 La. Ann. 1543, 21 So. 184; *Knox Estate.* 131 Pa. 220, 18 Atl. 1021, 6 L. R. A. 353, 17 A. St. R. 768; *Mills* v. *Howard,* 2 N. D. 30, 49 N. W. 413; *Sheehan* v. *Kearney,* 82 Miss. 688, 21 So. 41, 35 L. R. A. 102; *Plate's Estate,* 148 Pa. 5057, 23 Atl. 1038, 33 Am. St. Rep. 805; 36 Enc. of Law & Prop., 446-48; *Armstrong* v. *Walton,* 105 Miss. 337, 62 So. 173; *Lampkin* v. *State,* 105 Ala. 1, 16 So. 575; *In re Camp's Estate,* 134 Cal. 233, 66 Pac. 227; *Cunningham* v. *Hawkins,* 163 Mich. 317, 128 N. W. 223; *Catlett* v. *Catlett,* 55 Mo. 33, 43 La. Ann. 310, 26 Am. St. Rep. 183; 30 Enc. of Law, 582; 40 Cyc. 1104-5; *Merritt* v. *Clasin,* (N. Y.), 12 Johns. 102, 7 Dec. 286;

Affirmed, 14 Johns. 484; *Lawson* v. *Dawson,* 21 Tex. Civ. App. 316, 53 S. W. 64; 1 Jarman, Wills, 70; *Roy* v. *Roy,* 16 Gratt. (Va.), 418, 84 Dec. 698; *Ramsey* v. *Ramsey,* 13 Gratt. (Va.), 664; 70 Dec. 438; *Waller* v. *Waller,* 1 Gratt. 454, 42 Am. Dec. 565; *Ramsey* v. *Ramsey,* 13 Gratt. 664, 70 Dec. 438; *Plate's Estate,* 148 Pa. St. 55; 33 Am. St. Rep. 805; *Booth* v. *Booth,* 127 N. Y. 108, 24 Am. St. Rep. 429; *Estate of Seaman,* 146 Cal. 455, 106 Am. St. Rep. 53; *Matter of Andrews,* 162 N. Y. 1, 76 Am. St. Rep. 294.

As to lack of mental capacity to make a will: The oral testimony is negative as to want of mental capacity in Mrs. Hermann to execute a valid will. On this point we must therefore look alone to the instrument itself for evidence. Indeed it seems to us, and we submit to the court, that there can be no better evidence offered as to mental capacity than one's own composition.

"The character of the provisions, however, as being just or unjust, reasonable or unreasonable, may be considered by the jury as tending to throw light on the capacity of the testator. 28 Ency. of Law (2 Ed.), 106; *Leach* v. *Burr.* 188 U. S. 510; *Couch* v. *Couch,* 7 Ala. 519, 42 D. 602; *Eastis* v. *Montgomery,* 95 Ala. 486, 36 St. 227; *Knox* v. *Knox.* 95 Ala. 493, 26 St. 235; *Crandall's Appeal.* 63 Conn. 365, 38 St. 375; *Manatt* v. *Scott,* 106 Iowa, 203, 68 St. 293; *Davis* v. *Calvert* (Md. 25 D.), 282; *Rivard* v. *Rivard.* 109 Mich. 98, 63 St. 566; *Hammond* v. *Dike,* 42 Minn. 273, 18 St. 503.

As to the requisite degree of mental capacity we cite the following additional authorities: 28 Enc. (2 Ed.). 71-73, 86; *Brock* v. *Luckett* (Miss.), 4 H. 459; *Manatt* v. *Scott.* 106 Iowa, 203, 68 St. 293; *Campbell* v. *Campbell,* 130 Ill. 466.

As to validity of holographic will: The testimony shows that the alleged will was wholly in the handwriting of Mrs. Hermann (except the signature of the witnesses) and this raises the question as to whether

it may stand in any better light before the court by reason of that fact.

The statutory requirement for holographic wills is the same as for attested wills except holographic wills are required to be altogether in the testator's handwriting and to be subscribed, while attested wills are required to be witnessed. All the other legal tests and requirements are identical.

Failure to complete, failure to sign, and lack of mental capacity are as fatal in one case as the other. It follows that if our argument on the failure or execution as to an attested will is sufficient to avoid the instrument as an attested will, it must be sufficient to avoid the instrument as a holographic will.

In addition the paper is void considered as an attempted holographic will, because it is not subscribed by the testator and because it is attested by the witnesses in their own handwriting.

*McLaurin & Arminstead,* for appellee.

It is only necessary, in our judgment, to examine the question of whether or not this will was executed in compliance with the statute of Mississippi in reference to who may execute a will, as provided by section 5078 of the Code of 1906. The court on examination of this section, will observe that it does not require that the witness of the will shall sign the same in the presence of each other, but only that the witnesses shall sign the will in the presence of the testator or testatrix, as was done in this case. Neither is it necessary that the witness shall see the testator sign the will. *Miller* v. *Miller,* 96 Miss. 526. The above statute provides two way for executing wills. One is that the will may be wholly written and "subscribed" by the testator or testatrix; (2) the will may be prepared by another person for the testator or testatrix. The question involved in this case, is what constitutes a

legal signing of the will under this section? The court will bear in mind that this will was wholly written by the testatrix, and while not "subscribed" by her, she began the will in the first paragraph in her own handwriting with these words: "I, Mrs. Mollie Hermann, of Warren County, Mississippi, of sound mind and memory, make this my last will." It is respectfully submitted that this is a sufficient "signing" of the will under section 5078 of the Code of 1906, and that this case is controlled by the case of *Armstrong* v. *Walton,* 105 Miss. 337-358.

This identical point was passed on by the Texas court of appeals in the case of *Lawson et al.* v. *Dawson's Estate,* 53 S. W. 46, 29 Car. 2, ch. 3, sec. 19.

It certainly needs no authority to sustain the position that the court will seek to uphold the will if possible, where it violates no rule of public policy or positive law, and not to strike it down. 40 Cyc. 1382; *Lum* v. *Lasch,* 93 Miss. 81.

Discussion of authorities cited by counsel for appellant. Many of the authorities cited by counsel for appellant will be found in the brief for appellee in the case of *Armstrong* v. *Walton,* 105 Miss. 337, *et seq.,* and not followed, viz.: The case of *Ramsey,* 13 Gratt. (Va.), 644. The matter of *Booth's Will,* 127 N. Y. 109. Both of these cases also, were cases of holographic wills, where the statute required the will to be "subscribed." So, also, was the case of *Succession of Armant,* 43 La. Ann. 314, 26 A. S. R. 183, referred to on page 23 of appellant's brief, a case of an holographic will, and has no application here. This case is discussed in the case of *Baker* v. *Brown,* 83 Miss. 793-796-797.

This case cited on page 25 of appellant's brief, of *Merritt* v. *Classon* (New York), 12 Johns. 102; 7 Am. Dec. 286, was a question involving a sufficient note or memorandum for a sale of rye to comply with the statute of frauds, and has no application to this case whatever. *Lawson* v. *Dawson,* 53 S. W. 64. We have

previously discussed in this brief as a case in point in support of this will, *Roy* v. *Roy*, 16 Gratt. (Va.), 418, 84 Am. Dec. 688; and *Waller* v. *Waller*, 1 Gratt. (Va.), 454, 42 Am. Dec. 464, as well as the case above referred to, were holographic wills, and have no application here.

The case of *Plate's Estate*, 148 Penn. St. 55, 33 A. S. R. 805, page 26, of appellant's brief has no application to this case because in that case a will was prepared by a third person and presented to the testator to sign, which he delayed until he was unable to write, and the court held that the signature was not sufficient.

None of the authorities, we submit, on the question of the proper execution of this will cited by counsel for appellant are in point, as they deal mostly with holographic wills or wills prepared by third persons and presented to the testator to sign, whereas in this case the testatrix wrote her will, signing her own name with her own handwriting in the first paragraph, and had it attested by two witnesses, as, provided by the statute, and under this state of facts we respectfully submit that the case is controlled by the case of *Armstrong* v. *Walton*, 105 Miss. 237, above cited, and authorities in line with this case.

STEVENS, J., delivered the opinion of the court.

The facts, as we interpret them, bring this case within the ruling of *Sheehan et al.* v. *Kearney et al.*, 82 Miss. 688, 21 So. 41, 35 L. R. A. 102, and *Armstrong* v. *Walton*, 105 Miss. 337, 62 So. 173, 46 L. R. A. (N. S.) 552, Ann. Cas. 1916E, 137, and it follows that the decree of the learned chancellor upholding the will of Mrs. Hermann must be affirmed.

The very illuminating opinion of this court, by REED, J., in the Armstrong Case, and the authorities there referred to with aproval, make certain the conclusion we must reach. The present case cannot be differen-

tiated from the Armstrong Case. There our court observed:

"The Mississippi statute does not state where the signature of a testator to a will shall be located. It does not say that the will shall be signed or subscribed at the end thereof. As the statute is silent as to the place of signature, and merely provides that the will shall be in writing and signed, we believe the rule that it is immaterial where the signature of the testator should be placed on the instrument should be followed in this state."

The record before us shows conclusively that Mrs. Mollie Hermann, a widow, without children, intended to leave a will. It is fairly inferable from the testimony that she not only had drafted more than one will at different times, but that she was rather fond of talking about her will and making reference thereto. It appears that on Thursday, about April 1, 1915, a will which she had previously executed was then in a Vicksburg bank amongst her private papers. On Thursday afternoon she went to the bank, procured her will, and in her own handwriting rewrote it. She wrote all of it on this Thursday afternoon, except the concluding paragraph. This concluding paragraph she added to the will on the following Sunday morning, the day of her death. When she concluded the will on Sunday, she voluntarily gave expression to her desire to have the will signed, and herself sent for the two subscribing witnesses, Mr. C. R. Manheimer and Mr. Bernard Feld, who attested the document. It appears that these witnesses came to Mrs. Hermann's room and in her presence witnessed the will, at her request. Upon doing this, the testatrix directed Mrs. Lowenthal to throw the old will into the fire. It is true that the witnesses did not sign the will in the presence of each other; but they did sign it in the presence of the testatrix and at the request of the testatrix. There is a general belief amongst many laymen and some lawyers

that a will must be signed by the witnesses in the presence of each other; but the statute does not so provide.

The will in the present case is not probated as a holographic will. A holographic will would have to be "subscribed" by the testatrix. Our court has followed those authorities which make a distinction between the words "signed" and "subscribed." Here the testatrix, not only wrote her own name in the caption of the will, but wrote every bit of the will itself, and we cannot escape the conclusion that, when she had the subscribing witnesses to come before her and affix their signatures, she thought the execution of her will was complete. She died under the firm conviction that her will was duly executed. The fact that she wrote the will herself, including her own name in the body of the document, is at least a circumstance to show that the writing of her name in the will was intended, not only as words of description, but also to identify the document and to operate as a lawful signature.

Whether the signature written in the body of a will in any case is the completed act or not, depends, of course, on the intention of the testatrix, and may be regarded as a question of fact, to be answered and controlled by the testimony in each case. Here all the attendant circumstances support the will as one duly executed in accordance with the provisions of our statute.

Where the facts show an effort by the testatrix in good faith to execute a will, there should be no technical and hard rules of construction. As stated by Judge WHITEFIELD in *Sheehan* v. *Kearney, supra*:

"Any signature or mark signed by the testator, or by another in his presence and at his express direction, to the will, as and for his completed signature, and ac-

knowledged and adopted by him as such at the time, in the presence of the subscribing witnesses, is a sufficient signing within the meaning of'' our statute.

And again: ''It is enough that what he writes is intended for and adopted as his complete signature.''

In the present case the testatrix wrote with her own hand this clause:

''I, Mrs. Mollie Hermann, of Warren county, Mississippi, of sound mind and memory, make this my last will.''

If she had thought it necessary to write her name at. the end of the will, she could and would have done so. It is inconceivable that she would take the will, and add a concluding paragraph with her own hand, openly declare that she was making her last will, and voluntarily call for and secure the presence and signatures of witnesses, unless she firmly believed that all legal requirements had been complied with.

The fact that she died in about thirty minutes of the execution of this will is not sufficient to impeach the document. She made detailed and specific disposition of her property, including her ''clothes.'' In fact, the learned counsel for apellants practically concede the charges of mental incapacity and undue influence are not supported by the testimony, and that the single issue is the one bringing into question the due signing or execution of the instrument as required by section 5078, Code of 1906.

*Affirmed.*