KINARD *et al. v.* WHITES *et al.*

(Division A.  April 27, 1936.)

[167 So. 636.  No. 32227.]

E. M. Livingston, of Louisville, for appellants.

L. L. Martin, of Macon, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

L. N. Kinard died in October, 1934. Shortly thereafter a writing alleged to be his holographic will was admitted to probate by the chancery clerk, without notice, on proper affidavits. Thereafter the appellants, the heirs at law of L. N. Kinard, filed a protest to the probate of the will in accordance with section 1609, Code of 1930. An issue of devisavit vel non was then made up and tried by a jury, which found that "the instrument herein propounded is the last will and testament of L. N. Kinard." A decree was then rendered in accordance with the verdict.

The will was originally probated to read as follows:

"L. N. Kinard

"Brookville Aug. 10, 1934

"I want Jessie, Louise, Noy Waine

"To have the North haf of Lot 18 never to sell or dispose of it

"It fore love.                                        L. N. K."

The appellants' complaints are that (a) the writing is not testamentary in character; (b) it does not sufficiently designate the beneficiaries or describe the property devised; and (c) the writing is illegible.

■ The instrument may not on its face sufficiently indicate that it was intended to be testamentary in character. Young v. Wark, 76 Miss. 829, 25 So. 660. In that case it was said that there was no collateral evidence indicating that the writer of the paper intended it to be his will. Parol evidence is admissible for this purpose, Prather v. Prather, 97 Miss. 311, 52 So. 449; Sullivan v. Jones, 130 Miss. 101, 93 So. 353, and such evidence was here introduced being, in substance, the relation existing between the deceased and the beneficiaries named in the will, together with the fact that just prior to his death he handed the paper to another stating that it was his will.

■ The court below correctly held that the construction of the paper and its legal effect, specifically, the sufficiency of the identification of the beneficiaries and the description of the property devised, did not arise on an issue of devisavit vel non. The question to be there determined is "whether the writing produced be the will of the testator or not." Section 1609, Code of 1930. "Questions of its construction and legal effect are plainly not embraced in such an issue, and should be left for subsequent adjudication." Cameron v. Watson, 40 Miss. 191; Lusk v. Lewis, 32 Miss. 297.

■ The appellants assert that the will is illegible, particularly with respect to the last three words, "it fore love," which appear in the instrument as originally probated. There was some evidence offered as to this, which seems to have been excluded by the court. The decree rendered, however, recites, after confirming the probate of the will, "with the exception that it appears to the court that the last two (?) words in the record of said will reading, 'It fore love,' is a mistaken interpretation of said will, and that the words as written and intended by said testator as shown by said will is instead of said three words, 'it fore love' the words 'unless forced two' and the record of said will to this extent is hereby changed and corrected, and said will is established with said words reading 'unless forced two.'" The court below had the will before it, which we have not, and therefore we are unable to say that its reading of the will was wrong.

Affirmed.