## BAKER *v.* BAKER'S ESTATE.

(In Banc. Feb. 25, 1946. Suggestion of Error Overruled March 11, 1946.)

[24 So. (2d) 841. No. 36057.]

**Paine & Paine,** of Aberdeen, for appellant.

390

Jas. A. Finley, of Tupelo, for appellee.

McGehee, J., delivered the opinion of the court.

This cause was heard in the trial court upon the objections of S. Wilburn Baker, husband and sole heir-at-law of Mrs. Metta G. Baker, deceased, to the probate of the alleged holographic last will and testament of the deceased. From a decree declaring the said instrument to be a valid holographic will, and admitting the same to probate, the appeal here was taken. Subsequent to the rendition of the said decree, the said S. Wilburn Baker has died and the cause has been revived here in the name of Mrs. Lillian Baker, executrix of his estate.

The document in question is wholly written in the handwriting of the said Mrs. Metta G. Baker, deceased,

but the same is not subscribed by her unless it can be said that the caption thereto in the following words can justify a holding by us that she "subscribed" to the same, the caption being in the following words:
"Metta G. Baker writing this."

The first paragraph of the purported will begins in the following language: "At my death, if the following are still living I want my property to be divided. To my husband S. W. Baker I want my real estate given . . . to Betty Moore I want my (enumerating certain articles of personal property), to Nancy Lee I want my (enumerating certain articles of personal property), to Cora Lee Couch my (enumerating certain articles of personal property)," the said paragraph containing no word of disposition except as to the real estate given to the husband.

The second paragraph recites the ownership of numerous other articles of personal property which are to be divided among three named devisees, and then specifies that certain other articles are "to go to Carrie and if Inzie is still living she, Carrie, can give her some," and it is further provided that her desk is to go to one of her father's grandsons "whichever one who wants it."

The third paragraph provides that her watch is to go to the husband. "If he is still living," and "it is then to go to Bettie, but never to be disposed of."

The fourth and last paragraph recites the ownership of certain other personal property which "I want Mary Emma, Virginia and Elizabeth to have," and that "If I have any cash left I want it put into bonds and used for the education only of Elizabeth and Mary Emma's children."

No signature, date or other writing appears underneath the last paragraph of the instrument and which ends with the quotation last above mentioned.

The precise questions, therefore, presented are: (1) Whether or not the caption to the instrument, being the only place where the name of Metta G. Baker appears

at all on the entire two-page document, was intended to be placed there as an executing signature or merely as words of identification of the person writing, if and when the holographic document should be completed and subscribed as a last will and testament; and (2) whether or not the said identifying notation above the beginning of the document means that the same is "subscribed" within the meaning of our statute, Section 657, Code of 1942, which was in full force and effect when this instrument was prepared and also at the death of the writer thereof.

The statute provides that under certain limitations a person may make a last will and testament, provided that the same "be *signed* by the testator or testatrix, or by some other person in his or her presence, and by his or her express direction; and, moreover, if not wholly written and *subscribed* by himself or herself, it shall be attested by two or more credible witnesses in the presence of the testator or testatrix." (Italics ours.)

In 28 R. C. L., Section 60, p. 108, it is stated that: "The formalities to be observed in the execution of wills are simple and calculated to prevent frauds and uncertainty in the testamentary dispositions of property, and where a legislature has seen fit to impose certain requirements looking to the execution of a will, compliance with such requirements is necessary to the validity of any instrument offered as a testament. No essential formality may be dispensed with, and a failure to comply with formalities prescribed for the prevention of fraud is not excused by showing that in the particular case under consideration there was no fraud. The power of transmitting property by will is a power to be exercised solely under the statute law, and only by compliance with the requirement of the statute may an heir be deprived of his inheritance. It is the intention of the legislature which controls, not that of the testator, and a will which in its execution does not conform to the provisions of the statute will be denied probate, notwith-

standing the intention of the testator. It is immaterial that the requirements of the law in their application in particular cases may defeat the actual intention of a person as to the disposition of his property." Also in Section 72 of the said text, it is stated, in recognizing that there is authority to the contrary, that: "On the other hand it has been said that the name written at another place than the end of the document and not for the purpose of authenticating it and indicating its completion, but merely to identify the person who is making the will, is not to be considered as a name signed to the will."

And, in 68 C. J. 722, the rule is announced that: "Where the statutes provide that a valid holographic will be signed at the end of the writing, or be 'subscribed,' the requirement must be fulfilled," citing among other cases that of Better v. Hirsch, 115 Miss. 614, 76 So. 555. However, the same paragraph of this text further states that: "notwithstanding the usual place of signing and thereby evidencing the execution and completeness of a holographic will is at the end of the document, the signature of the testator if found elsewhere than at the end may be a signature or token of execution, if the circumstances warrant the inference. However, the only evidence which will justify this conclusion must be found in and on the instrument itself; and, in the absence of anything on the face of the paper to raise the inference that a name appearing elsewhere than at the end of the writing was intended as a signature in execution, the holographic document cannot be deemed a valid will."

In the case of Better v. Hirsch, supra, our Court had under consideration a purported last will and testament, the first paragraph of which recited: "I, Mrs. Mollie Hermann, of Warren county, Mississippi, of sound mind and memory, make this my last will." The instrument was not "subscribed," nor did the name of the alleged testatrix appear thereon except in the first paragraph of the same as above quoted. However, the instru-

ment was attested by subscribed witnesses, and the Court in its opinion stated: "The Mississippi statute does not state where the signature of the testator to a will shall be located. It does not say that the will shall be signed or subscribed at the end thereof. As the statute is silent as to the place of signature, and merely provides that the will shall be in writing and signed, we believe the rule that it is immaterial where the signature of the testator should be placed on the instrument should be followed in this state."

The foregoing language was quoted from the case of Armstrong v. Walton, 105 Miss. 337, 62 So. 173, 175, 46 L. R. A. (N. S.) 552, Ann Cas. 1916E, 137, and which case likewise involved a purported will which was prepared by another at the express direction of the testator and subscribed by witnesses. The Court further observed, however, in the case of Better v. Hirsch, supra, that: "The will in the present case is not probated as a holographic will. A holographic will would have to be 'subscribed' by the testatrix. Our court has followed those authorities which make a distinction between the words 'signed' and 'subscribed.'"

In the case of Armstrong v. Walton, supra, the Court had also observed that: "It seems that a distinction has been made between the meaning of the words 'sign' and 'subscribe.' In the case of Missouri, K. & T. Railroad Company v. Denton, 29 Tex. Civ. App. 284, 68 S. W. 336, the court, in holding a signature in the body of an instrument, (to be sufficient) called attention to the fact that the statute requiring such signature provided that such instrument should be 'signed,' and not that it be 'subscribed.' It will be noticed that the statute in Mississippi prescribes that the will shall be signed by the testator, or some other person, at his direction, where it is not wholly written by him, and that, when it is wholly written by him, it shall also be subscribed by him." (Parenthesis ours.)

In Black's Law Dictionary, 2nd Ed., it is stated that the word "subscribe" means "In the law of contracts, to write under; to write the name under; to write the name at the bottom or end of a writing." And, in 2 Bouv. Law Dict., Rawle's Third Revision, p. 3171, the word "subscribe" is defined to mean "To write underneath"; the word being derived from the two Latin words "sub" meaning under, and "scribo" to write.

We are of the opinion that the Legislature, when enacting Section 657, Code of 1942, supra, and using the word "sign" in regard to wills not wholly written and subscribed by a testator, and requiring that the same shall be attested by two or more credible witnesses in the presence of the testator, used the word "sign" in a different sense than that in which the word "subscribe" was used in the same sentence of the statute in reference to a will which is wholly written by the testator and not attested by witnesses.

We are also of the opinion that the words "Metta G. Baker writing this" appearing at the top of and as a caption to the first page of the instrument here under consideration were words of description and identification of the person writing the same, and that the use of such words was not intended as a signature in execution of the instrument. For ought that appears from this record, this particular instrument may not have been completed. It does not appear as to whether or not the alleged testatrix may have intended at the time of writing the same to add additional provisions thereto.

It is urged, however, that in view of the testimony of the nurse who attended the deceased for a short time and until approximately one month prior to her death, and which was to the effect that "Mrs. Metta G. Baker did make a statement to me that she had made her will" is sufficient to show that this particular instrument was the one referred to, and that it was intended to be her last will and testament.

While parol evidence is competent to show whether or not an instrument was intended to be of testamentary character, where its meaning in that behalf is not clearly shown on the face thereof, as held in the case of Kinard v. Whites et al., 175 Miss. 480, 167 So. 636; Prather v. Prather, 97 Miss. 311, 52 So. 449; and Sullivan v. Jones, 130 Miss. 101, 93 So. 353, it should be noted that those cases involved instruments of writing which had been subscribed by the alleged testator, and the inquiry was as to whether the same were intended to be of a testamentary nature, whereas, in the instant case there is no issue as to whether the instrument is testamentary in character, but the question is as to whether or not the same was intended to be and in fact was "subscribed" within the meaning of the statute in question, relating to instruments wholly written by the alleged testator.

It is to be conceded that there are decisions from other jurisdictions, several of which are cited by the appellee, which hold that the name of the purported testator or testatrix in a holographic will is not required to be signed underneath the instrument. But, in most of such instances it does not appear that the statute under consideration had required the same to be "subscribed." At any rate, we are of the opinion that what is said in the cases of Armstrong v. Walton and Better v. Hirsch, supra, is persuasive as to the meaning of our statute, and would justify our Court in now aligning itself with the view entertained by many other courts that a holographic will should be "subscribed," even though the language employed by our Court in those cases may not have been necessary to the decision of the issue then before the Court.

While it was stated in the case of Murray v. Murphy, 39 Miss. 214, that "The particular part of the will on which the attesting witnesses subscribe their names is immaterial; it is sufficient if the attesting witnesses sign their names upon the paper," etc., it is to be observed that the statute, Section 657, Code of 1942, supra, does

not require that the witnesses shall "subscribe" their names to the purported last will and testament, but merely that if the document is not wholly written and subscribed by the testator or testatrix, "it shall be attested by two or more credible witnesses."

And, we are not unmindful of the fact that Webster's has defined, in addition to the other definitions hereinbefore given, the word "subscribe" to mean "To sign one's name to a document; . . . to sign with one's own hand; . . . to give consent to something written, by signing." Nevertheless, to sign one's own name to a document would ordinarily mean to sign that which has gone before, and this would be true as to signing it with one's own hand or giving consent to something written, that is to say, by signing what precedes, and especially so where the same sentence of our statute has used the word "signed" in reference to wills in general, and the word "subscribed" in reference to those wholly written by the testator or testatrix.

We are therefore of the opinion that the objection to the probate of the instrument in question should have been sustained.

Reversed and judgment here for the appellant.