GILLESPIE, Presiding Justice:
This is a will contest. A document purported to be the last will and testament of Erwin Holms King was offered for probate and upon answer of the contestants, issue devisavit vel non was ordered. When the proponent rested the court sustained a motion to exclude the evidence and decree was entered adjudging that the document offered was not the valid last will and testament of Erwin Holms King and the petition for probate was dismissed. The proponent of the will appealed. We affirm.
The chancellor correctly stated the issues as follows: (1) Is the document testamentary in nature, that is, does^it contain dis-positive language? (2) Was the document wholly in the handwriting of Erwin Holms King? and, (3) Did Erwin Holms King subscribe the document?
The chancellor correctly found there was ample evidence in support of the first two of the three issues. The proponent offered two competent witnesses to prove both testamentary intent and the fact that the document was wholly in the handwriting of Erwin Holms King. The chancellor found .against the proponent on the third issue and held as a matter of law that Erwin Holms King did not “subscribe” the document as required by statute and the decisions of this court construing the statute.
The document in question consists of four pages. The first page marked “One” contains a devise to his cousin of his home and the contents, his automobile, several bank accounts in the Deposit Guaranty Bank, in the name of E. H. King and Mrs, Nannie Holmes King (his deceased mother), and the contents of a deposit box in the Deposit Guaranty Bank. The bottom of page one and the second page marked “Two” contain provisions regarding his burial. Separated by a comma from provisions regarding a marker for his grave is the following sentence which continues on to the next page: “also I Swear that I owe No endebtedness To Any Body or Person’s I have had No other’s Will or Never have Made any Promises To any others Living Personal To — (here ends page “two”. The writing continues on the top of a page marked “three” as follows:)
“Mrs. Nannie Holms King #1 #2 Erwin Holms King
By Holmes King #3 E. H. King
#4 Holms King
Leave them Any Property or Mony or Etc up to this date, or Will I Ever Make any, Except What is in this Last Will of Mine.” Here there is a blank space of approximately an inch extending across the page after which the writing continues with a dispositive statement in which a friend is given a five thousand dollar insurance policy. Then follows a bequest of the proceeds of two life insurance policies to the same cousin mentioned in the first paragraph of the will on the first page. There is a fourth page to the purported will numbered “#3” which contains a bequest of $1.00 to a half brother and certain statements concerning his family ending with a comma. At the bottom of page “#3” appears the numbers of three insurance policies mentioned on page “three”. The document does not contain any signature except those appearing at the top of page “three”. It was not attested by any witness.
Mississippi Code 1942 Annotated, section 657 (1956) provides who may execute wills and how they must be executed. It provides in part that wills
be signed by the testator or testatrix, or by some other person in his or her presence, and by his or her express direction; and, moreover, if not wholly written and subscribed by himself or herself, it shall be attested by two or more credible wit *583 nesses in the presence of the testator or testatrix.
In Better v. Hirsch, 115 Miss. 614, 76 So. 555 (1917) the court considered a document wholly written in the handwriting of the testator with the only signature being in the opening paragraph. It was not “subscribed” at the end, but it was attested by two witnesses. The court held that it was a good will, not as a holographic will, but as one attested by two credible witnesses. A distinction was made between the statutory requirement that a will attested by two witnesses need only be “signed” while one wholly written by the testator must be “subscribed”.
In Baker v. Baker’s Estate, 199 Miss. 388, 24 So.2d 841 (1946) the document involved was held not to be the valid will of Mrs. Metta G. Baker, deceased, although wholly written by her. In the handwriting of the deceased the document was captioned “Metta G. Baker writing this”. There was no signature, date or other writing following the last dispositive statement. The court again stated that the legislature made different requirements for attested wills and those wholly written by the testator, in that the statute required attested wills to be “signed,” but required wills wholly written by the testator to be “subscribed.” The court said that the instrument may not have been completed and the writer may have intended at the time of writing the same to add additional provisions thereto. It was said that the power to transmit property by will is a power to be exercised solely under the statute law, and only by compliance with the requirements of the statute may an heir be deprived of his inheritance; and a will which does not conform to these requirements will be denied probate, notwithstanding the intention of the writer of the instrument.
In Turnage v. Stevens, 208 Miss. 734, 45 So.2d 571 (1950) the court was considering a writing in the form of a letter, the body of which appeared above the signature of the purported testatrix, and below the signature there was an additional statement which was not followed by a signature. The court reversed the lower court’s decree admitting the writing to probate and rendered judgment declaring the writing was not a will. The court stated that the Arkansas statute, which requires a holographic will to be subscribed at the end of the will, and the Mississippi statute which provides merely that it be subscribed, mean the same thing. The court said that the position of the signature at the end of the will furnishes in itself internal evidence of finality or completion of intent.
In summary, the court has construed the statute regarding holographic wills to mean (1) it must be signed at the end of a document, testamentary in character, which shows on its face that the testamentary purpose therein expressed is completed, (2) nothing which follows the signature may be considered, (3) if the writing does not meet the requirements of the statute the intent of the writer is immaterial.
The part of the document in question which precedes the signatures thereon fails to show on its face that the testamentary purpose was completed. On the contrary the purported signatures appear in the middle of a sentence. This document itself shows that the part above the purported signatures was incomplete. Moreover, there is nothing on the face of the writing indicating that the four “signatures” were affixed to the writing to authenticate the document as the last will and testament of Erwin Holms King. The position of these names, their relation to the body of the writing, and the fact that one of them is the name of the mother of the deceased, signed by the deceased, indicates that these names had some other purpose than the authentication of the document.
We are mindful of the evidence offered by the proponent to the effect that two witnesses saw the deceased place his name on the document and declare it was *584 his will. This testimony was admissible for some purposes, but not to show that the will was subscribed as the statute required. Baker v. Baker’s Estate, supra.
This Court has stated countless times that the intention of the testator is paramount in the construction of wills. But the search for the testator’s intention does not begin until there is a will executed in accordance with the requirements of the statute. In this case there is no will. The chancellor was correct. His decree is affirmed.
Affirmed.
RODGERS, JONES, BRADY, and IN-ZER, JJ., concur.