RODGERS, Justice:
This is an appeal from a decree of the Hinds County Chancery Court admitting *595 to probate a holographic will of Mrs. Atossa Leo C. Giles. The decree also revokes a previous will admitted to probate and record.
The will finally admitted to probate as the true and last will of Mrs. Giles is a unique instrument. The subscribing signature was sewn to the bottom of the will with thread.
This is what occurred: On January 3, 1968, prior to her death .on January 17, 1968, the testatrix, Mrs. Giles, sometimes known as Mrs. William Nelson (Leo C.) Giles, appeared at the Magnolia Savings and Loan Association in the City of Jackson, Mississippi, and delivered to Mr. Phillip Payment, the President of the Association, the instrument which was later declared to be the last will, along with her savings passbook. She told Mr. Payment that the instrument was her will. She wanted him to take care of it, and requested him to deliver the instrument and the passbook to Danny Shannon. The two instruments were placed in a lock box in the vault of the Association after the visit of Mrs. Giles. Mr. Payment gave the two instruments to Mr. M. P. Payment for delivery to some members of the family after the death of Mrs. Giles. He delivered the instruments to Mr. Shannon.
After the death of Mrs. Giles, a former will had been probated in common form by the named executrix, Willie B. Lyle. The executrix resigned and the court appointed P. Z. Jones as Administrator. After the instrument here involved was.left in the care of Mr. Phillip Payment it was delivered to Mr. Shannon, the devisee named in the instrument. He filed a petition to contest the validity of the prior will and to probate the holographic will delivered by the testatrix to Mr. Payment.
The issue as to the validity of the second, and last will, was tried before the chancellor without a jury, resulting in a decree declaring this holographic instrument to be the true last holographic will of Mrs. Atos-sa Leo C. Giles, and the court set aside the probate of the previous will of Mrs. Giles dated June 10, 1964. The beneficiaries named in the prior will have appealed to this Court and contend that the court erred in cancelling the prior will and in admitting the holographic instrument as the last will. It is argued that the instrument was not executed as a holographic will in compliance with Mississippi statutory law, because it was not “subscribed” and that dispositive words, written after the signature in point of time, cannot be considered in determining whether or not the instrument is a will.
The chancellor held that the instrument was wholly written in the handwriting of the testatrix up to and including the signature, and that there can be no doubt from the testimony in this case that all of the handwriting is that of the testatrix. She told the President of the Magnolia Savings and Loan Association that the instrument was her will, and there can be no doubt that testatrix intended the instrument to be her last will.
On the other hand, the evidence indicates that Mrs. Giles cut off a prior acknowledgment, to her signature on another paper and attached this acknowledgment to the instrument here in question by sewing it to the bottom of the holographic will. The testatrix’s signature was above the acknowledgment on the separate piece of paper cut from the prior will. An expert-handwriting witness testified that in her opinion Mrs. Giles’ signature was placed on the separate piece of paper after the acknowledgment had been cut from another piece of paper. She thought this to be true because of the use of the available space just above the acknowledgment.
In its final analysis the issue in this case is whether or not the signature of the testatrix was “subscribed” to the will since there cannot be any question that the instrument was “wholly written” by her. In the outset it may be accepted as a predicate that the testatrix intended to make a will, and for all intents and purposes the instrument here involved is a will provided the *596 writer has performed the physical mechanics necessary under the law to “subscribe” her wholly handwritten will.
The making of a will in this state is governed by Section 657, Mississippi Code 1942-Annotated (1956). This section is in the following language:
“Every person aged twenty-one years, male or female, married or unmarried, being of sound and disposing mind, shall have power, by last will and testament, or codicil in writing, to devise all the estate, right, title and interest in possession, reversion, or remainder, which he or she hath, or at the time of his or her death shall have, of, in, or to lands, tenements, hereditaments, or annuities, or rents charged upon or issuing out of them, or goods and chattels, and personal estate of any description whatever, provided, such will and testament, or codicil, be signed by the testator or testatrix, or by some other person in his or her presence, and by his or her express direction; and, moreover, if not wholly written and subscribed by himself or herself, it shall be attested by two or more credible witnesses in the presence of the testator or testatrix.”
The signature on the instrument here involved is the true signature of Mrs. William Nelson (Leo C.) Giles, the testatrix, but this signature is written upon a separate piece of paper. This piece of paper was apparently cut from a prior will. The signature on the prior will had been acknowledged by a notary public on the 1st day of February, 1966.
The proponents of the previously probated will seriously contend that the signature of the testatrix was made before the last will was written, and therefore, from a reckoning of time, it could not have been a “subscribing” signature. Moreover, it is said that the signature was attached at the top of the piece of paper and was not at the bottom or conclusion of the will. The foregoing evidence, including the testimony of the handwriting expert, was an issue of fact for the determination of the chancellor.
The appellants contend that the case of Wilson v. Polite, 218 So.2d 843 (Miss.1969), requires this Court to reverse the holding of the chancellor and judgment of the chancery court, because the burden was upon the contestants to establish the holographic will and they did not meet this burden by showing that the instrument was “subscribed” as required by Section 657, Mississippi Code 1942 Annotated (1956), and as interpreted by this Court in Wilson v. Polite, supra.
A careful examination of our opinion in Wilson (both the majority and minority opinions) will reveal that we held: (1) the testator’s signature must be at the end of the holographic instrument, testamentary in character, which shows on its face that the testamentary purpose therein expressed is completed; (2) the court will not consider writing below the signature on a holographic will; and (3) if the writing does not meet the requirements of the statute the instrument is not a will.
We are of the opinion that the holding of this Court in Wilson is not determinative of the issue involved in the instant case, although that case does point out that the signature of the testator in a holographic will must be placed at the conclusion of the will. See the cases cited in Wilson.
As a general rule of law courts tend to sustain a testamentary document as having been legally executed if it is possible to do so consistent with statutory requirements.
Ordinarily, substantial compliance with statutory formalities in the execution of a will is sufficient in the absence of a suggestion of fraud, deception, undue influence, or mental incapacity. Better v. Hirsch, 115 Miss. 614, 76 So. 555 (1917); 7 Am.Jur. Wills § 218 (1948).
*597 Moreover, there is no legal requirement that the signature “subscribing” a holographic will must be placed on the same sheet of paper as the dispositive provisions of the will, so long as the signature is at the conclusion of the will. The part of the will containing the signature may be mechanically attached to the other part of the will so that it may be identified as a part of the will; or it may be evidenced by some internal sense or coherence or reference made thereon. Even this rule is expanded when there is sufficient evidence or proof to show the identity of disconnected sheets propounded as constituting one will. 57 Am.Jur. Wills § 267 (1948). See also Thompson, The Law of Wills, § 105 (1947); Page, The Law of Wills, §§ 19:10, 19:11 (1960); 94 C.J.S. Wills § 162 (1956); 57 Am.Jur. Wills § 224-225 (1948).
There is another rule of law which appears to be applicable in the instant case. It is generally recognized that a testator may adopt his own signature, which he has already written, as the signature in executing a testamentary instrument. See the authorities enumerated in Page, The Law of Wills, § 19:52 (1960); 94 C.J.S. Wills § 171 (1956); 57 Am.Jur. Wills § 261 (1948); compare Wallace v. Harrison, 218 Miss. 153, 65 So.2d 456 (1953).
From a review of the foregoing authorities, we have reached the conclusion that the chancellor was correct and that the decree of the chancery court should be affirmed.
The decree of the chancery court declaring the holographic will of Mrs. William Nelson (Leo C.) Giles, offered for probate, to be the true and last will of testatrix, cancelling all other wills, should be, and is hereby, affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, PATTERSON and SMITH, JJ., concur.