LALLA REDHEAD *v.* JOSEPH REDHEAD ET AL.

WILLS.  *Recitals of voyage.   Occasion of execution.*

.If it appear from the face of a writing, testamentary in its char-
acter, that a contemplated voyage, and the dangers incident
thereto, were merely the occasion of its execution, and that the
testator's death while on the voyage was not made a condition
upon which its validity depended, it will be operative and may
be probated after the testator's return and subsequent death.

FROM the chancery court of Wilkinson county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Joseph Redhead, and others, appellees, propounded for pro-
bate an instrument of writing as the last will and testament of
John A. Redhead, deceased.   Mrs. Redhead, appellant, objected
to its probation.   An issue *devisavit vel non* was made up and
tried in the court below, resulting in a verdict and judgment
for the proponent, the appellee, and the contestant, appellant,
appealed to the supreme court.   The opinion of the court suffi-
ciently states the facts.

*A. G. Shannon,* for appellant.

The ground upon which the will is attacked is that it is a
contingent will, contingent upon the failure of testator to re-
turn from a trip to the Pan-American Exposition at Buffalo,
New York.   That he returned from this trip and lived for
sometime at home and then died.

That the will begins: "Realizing the uncertainty of life at
all times and the dangers incident to travel, I leave this as a
memorandum of my wishes, should anything happen to me
during my intended trip to Buffalo and other places."

Upon this clause appellant mainly relies.   It is broadly but
inaccurately stated that if the contingency is referred to as the

occasion for making the will, then the will is good, whether the contingency happen or not, but if the contingency is referred to as the condition upon which the will is to become operative, then, unless the contingency happen, the will cannot go into effect. This is about the substance of what may be gathered from the authorities. 29 Am. & Eng. Enc. Law, 130.

The language here under discussion applies to the condition upon which the will shall go into effect.

It cannot be overlooked that in every will that ever was written, or ever will be written, there is an occasion for making the will. It is always present, and without it no will would ever be made. There may be more than one occasion. The apprehension of death is always an occasion figuring in the making of every will, upon which alone it can go into effect, no matter how absolute, or how contingent its other provisions may be. There may be any number of classes of contingencies in contingent wills. This contingency belongs to that numerous class of contingent wills depending on the testator surviving some particular time or event. Of this class it is hardly possible to see how the contingency would not be in all cases the occasion of the making of the will. In the very nature of things, it must be so. Take, for instance, the case of *Magee* v. *McNeill,* in 41 Miss., where the contingency did not happen, and the supreme court decided that there was no will. Still it is absolutely certain that the contingency was exactly the occasion for making the will, and the same may be said of the several cases there cited by this court, in all of which the will failed because the contingency did not happen.

Then, if this be true, it must be admitted that the broad statement that if the contingency is the occasion of making the will, the will is valid, must be restricted somewhat. If the contingency be referred exclusively to the occasion of making the will, then it may be a correct proposition, that the will is valid in any event. But if the testator, notwithstanding the

fact that the contingency is the occasion of making the will, nevertheless desires the will to go into effect only on the happending of the condition, it is manifestly still a contingent will.

If we apply these principles to the language of the will under consideration we will see that it was not to take effect except upon the happening of the contingency.

*Bramlette & Tucker,* for appellee.

The will in this case, by its language and terms, shows it to be the intended will of J. A. Redhead, deceased. The uncertainty of life realized by him, and the circumstances mentioned at the outset of the will, were reasons and motives for making it, and it was not conditional upon his doing anything, or of anything happening to him upon his contemplated trip to Buffalo and other places; whether he returned or not, it was his will. 29 Am. & Eng. Enc. Law (1st ed.), 131. *Jarver* v. *Jarver,* 9 Peters (U. S.), 174.

CALHOON, J., delivered the opinion of the court.

The will of John A. Redhead begins thus: "Realizing the uncertainty of life at all times, and the dangers incident to travel, I leave this as a memoranda of my wishes should anything happen to me during my intended trip to Buffalo and other places." It then makes elaborate disposition of his estate, appoints administrators, and concludes thus: "This is a memoranda of my wishes, and I hope it will be agreeable to all parties concerned, and they will respect them." It is dated August 24, 1901. He took his contemplated trip, got back home in October, 1901, and died there March 4, 1902, without other or further disposition of his property. The chancellor below, on an issue *devisavit vel non,* admitted this paper as a valid will. We unhesitatingly decide as he did. The dangers incident to his contemplated journey, together with "the uncertainties of life at all times," were the occasion of his execution of this instru-

ment, and its validity was not contingent upon his death abroad. 29 Am. & Eng. Enc. Law, pp. 130-132, and notes.

*Affirmed.*

TRULY, J., took no part in the decision of this case.