INZER, Justice:
This is an appeal from the decree of the Chancery Court of Oktibbeha County wherein that court by its decree refused to admit to probate an instrument offered as the holographic will of Louis William Martin, deceased, for the reason that it was conditional in its operation and effect, and contingent upon decedent being killed or dying in an accident.
Martin died of natural causes on May 5, 1963, never having married, and his sole heirs at law are two brothers and two sisters, namely, Frank T. Martin, Sr., Roy Martin, Mrs. Lelia Martin Williams, and Mrs. Ruth Martin Hill. After his death the four heirs petitioned the Chancery Court of Oktibbeha County for letters of administration, and that court entered a decree appointing Mrs. Williams adminis-tratrix of the estate. Some time later the writing here in question was found in a personal wallet of decedent, and the ad-ministratrix petitioned the chancery court to probate it as a holographic will.
The contested instrument, written in the hand of decedent and subscribed by him, was dated April 12, 1955, September 7, 1960, and 9-7-60. It reads as follows:
To Roy, Frank, Ruth & Sis:
In event that I should get killed I want Roy and Frank to have my interests in the Store Home and Colored Funeral home without litigation or law suit of any kind. I give them this.
In case of accident give to Mrs. Beatrice Kidd Brown of Memphis Tenn $2000.00 of my bonds She is at the Belmont Cafe Memphis Tenn The rest divided equally between the four of you
Mrs. E. C. Brown, appellant here and a friend of the decedent, is the person to whom the $2,000 bequest was made. She answered the petition to probate, requested that she be allowed to join in the petition, and also sought construction of the will favorable to her.
Appellant urges that the words “in event I should get killed” and “in case of accident” indicate testamentary intent merely, and that the chancellor erred in holding that the will was contingent upon decedent’s dying of other than natural causes. Appel-lee contends that the words are conditions upon which the operation of the will was contingent.
*831 The following facts were stipulated. Decedent died in his sleep of natural causes; he was engaged in the funeral business and hardware business all his adult life and for over 30 years; at the time of his death he owned a one-third interest in the building in which Martin Hardware Store was being operated and the lot on which the building was located, in Starkville, Mississippi; he owned a one-half interest in the building where Martin Funeral Home was operated and the lot on which it was located, but did not own any interest in a colored funeral home; Mrs. R. S. Harris of Blytheville, Arkansas, would testify in behalf of Mrs. Brown as follows: “That Louis W. Martin was my first cousin and it was known to me that for quite some time prior to the marriage of Mrs. Brown they were going together and enjoyed a deep friendship which created in Mr. Martin a great feeling of affection for her. That on repeated occasions Louis Martin advised Mrs. R. S. Harris that he was going to, and had, made provision in his will for a bequest to Mrs. Brown as an expression of gratitude for what he viewed as a most pleasant companionship, and on repeated occasions, he told Mrs. Harris that if he should die, he wanted Mrs. Harris to advise Mrs. Brown that he had made provision for bequest to her. That Mr. Louis Martin informed Mrs. Harris of the above things and made request for the notice to be given to Mrs. Brown on numerous occasions over a rather long period of years.” It was further stipulated that at the time of his death decedent was the owner of approximately $20,000 in Series E U. S. Government bonds, and, finally, that the sole questions involved here are whether the document signed by L. W. Martin should be admitted to probate as his last will and testament, and if so, the construction thereof.
Mrs. Hill objected to the admissibility of the stipulated testimony of Mrs. Harris on the grounds that the declarations of a testator are not admissible as evidence to add to, explain or in any manner control or affect the construction of a will. See Old Ladies’ Home Ass’n v. Miller, 217 Miss. 187, 63 So.2d 786 (1953); Howell v. Ott, 182 Miss. 252, 180 So. 52, suggestion of error overruled, 182 Miss. 252, 181 So. 740 (1938); Welch v. Welch, 147 Miss. 728, 113 So. 197 (1927); and Magee v. McNeil, 41 Miss. 17 (1866).
One of the cases relied upon by appellant is Redhead v. Redhead, 83 Miss. 141, 35 So. 761 (1904), in which testator executed an instrument beginning as follows:
Realizing the uncertainty of life at all times, and the dangers incident to travel, I leave this as a memoranda of my wishes should anything happen to me during my intended trip to Buffalo and other places. (83 Miss. at 143, 35 So. at 761)
This Court held that the language used was used merely for making the will and not for making or imposing a condition, Stating:
The dangers incident to his contemplated journey, together with “the uncertainties of life at all times,” were the occasion of his execution of this instrument, and its validity was not contingent upon his death abroad. (83 Miss. at 143-144, 35 So. at 761)
Appellant urges that this Court adopt a position that a condition is not implied from indefinite language and in doubtful cases the Court should favor the construction that the will is unconditional, under the reasoning set out in 57 Am.Jur. Wills § 672:
The general rule of construction that favors an interpretation which will prevent intestacy operates to require that a will be construed to be unconditional in case of doubt on that score.
* * * If the language used in a will can by any reasonable interpretation be construed to mean that the testator referred to a possible danger or threatened calamity only as a reason for making his will at that time, the courts incline toward holding that the will is not contingent *832 upon the occurrence of such danger or calamity.
Also cited by appellant is the case of Re Tinsley’s Will, 187 Iowa 23, 174 N.W. 4, 11 A.L.R. 826 (1919), where it was held that the language “in case of any serious accident, after my just debts are paid, I direct * * * ” was merely a statement of the inducement for the execution of the will, and that the will was effective in any event. Testator in Tinsley directed that his aunt take charge of his estate for disposal as she thought fit. There the court held that the instrument was not contingent on death by accidental means. It also ruled that proof of extrinsic circumstances of making the will could not be admitted to show that testator intended anything other and different from what is to be found in or implied from the instrument itself, stating: “If the will be unconditional upon its face, it cannot be adjudged to be conditional or contingent upon the strength of •parol testimony.” (174 N.W. at 7)
In Davis v. Davis, 107 Miss. 245, 246, 65 So. 241, 242 (1914), the following language was used by one in a hospital about to undergo an operation: “Should I not get over this operation, I want you and Papa to take charge of everything I’ve got, sell my pool room for about $500 at least, and I have $800 * * Testator recovered after the operation and returned to- work on the railroad, where he was later killed. This Court held the will to be contingent.
In Magee v. McNeil, 41 Miss. 17, 18 (1866), where a soldier in the Confederate army wrote a letter to his wife containing the words, “ * * * we do not know about these things, and it is well enough to arrange them before hand; and if I never get back to you I want all I have to be yours,” and the testator returned home safely but died a few weeks later at home, it was held that the letter should not be admitted to probate, since it amounted to a contingent will.
In the recent case of Methodist Church of Sturgis, Inc. v. Templeton, 254 Miss. 197, 181 So.2d 129 (1965), provisions in the will of a husband and wife for disposition “in case of death to both of us at or about the same time” made the will contingent or conditional, and such contingency or condition was not met when their deaths occurred six months and nineteen days apart. In this case appellant cited Redhead v. Redhead, 83 Miss. 141, 35 So. 761 (1904), and we held that it was distinguishable and not applicable, and in so holding said:
* * * for the reason that in that case the testator intended for the will to take effect without a condition, because he expressly used the words: “Realizing the uncertainty of life at all times, and the dangers incident to travel, I leave * * The validity of the writing was not contingent upon his death abroad. It appointed adminstrators and made elaborate disposition of his estate. (181 So.2d at 133)
Like other cases cited by appellant, it is distinguishable and not applicable in the present case.
In the case at bar it should be noted that decedent was ' a mature man involved in business activities. He chose the words used in the testamentary letter to his brothers and sisters. In that letter he used phrases not once but twice regarding death other than by natural causes. As was stated in Magee v. McNeil, 41 Miss. 17, 25 (1866):
The condition is plainly expressed. There being no latent ambiguity, the intention is to be collected from the language employed, and that language is unequivocal. The event having happened upon which the existence and operation of the testamentary disposition depended, the will became inoperative and void, and ought not to have been admitted to probate.
We are unable to treat the provisions of the instrument in question as being descriptive of the motives which induced Martin to make a will, and following the *833 reasoning in Magee v. McNeil; Davis v. Davis, and Methodist Church of Sturgis, Inc. v. Templeton, supra, we hold that the language employed in the instrument under question here was clearly conditional upon death by accident or violent means, and death having occurred due to natural causes, the attempted testamentary disposition became inoperative and void, and was properly denied for probate.
For the reason stated, the decree of the trial court is affirmed and remanded.
Affirmed and remanded.
ETHRIDGE, C. J., and RODGERS, JONES and BRADY, JJ., concur.