559 So.2d 1038 (1990)
Helen BRANTON
v.
John E. BRANTON.
No. 89-CA-0148.
Supreme Court of Mississippi.
April 4, 1990.
*1039 Willard L. McIlwain, Greenville, for appellant.
Philip Mansour, Mansour & Mansour, Greenville, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
Helen and John Branton were married in 1974 and again on September 9, 1977, in order to make sure that all formalities had been complied with. No children resulted from this marriage. Mrs. Branton was 63 and Mr. Branton was 67 at the time of the hearings in this cause. On October 20, 1988, Mrs. Branton filed for divorce, alleging habitual cruel and inhuman treatment and irreconcilable differences. On the same day Mrs. Branton moved separately for temporary relief, a motion which was later amended. On November 14, 1988, a hearing was held on Mrs. Branton's petition for temporary alimony and temporary possession of the residence of the Brantons. As a result of this hearing the trial court made certain findings of fact, resulting in its ultimate finding that Mrs. Branton was not entitled to temporary relief.
On November 30, 1988, a hearing was held on the matters of divorce and alimony, as Mrs. Branton dismissed her petition for separate maintenance at the outset of the hearing. The court found as a result that Mrs. Branton was entitled to a divorce on the ground of habitual cruel and inhuman treatment. The court also made detailed findings of fact concerning the financial status of the respective parties. Referring to its earlier findings made after the hearing for temporary relief, the court found that the "reasonable monthly expenses in connection with the operation of the parties' residence are $2,500.00." The residence used to produce this figure was White Hall, a fourteen-room house (including five bedrooms), to which the trial court assigned a value of approximately $100,000. The residence was owned free and clear by Mr. Branton, a fact considered by the court. The court found that Mrs. Branton had income available to her from her own resources of $1100/month, and awarded her $1400/month periodic alimony, the difference between the expense figure and her own monthly income. Despite the fact that it had calculated Mrs. Branton's expenses based on her continued residence in White Hall, the trial court awarded the residence to Mr. Branton. The trial court also made findings concerning the respective parties' net worth, and particularly Mrs. Branton's contributions to the accumulation of any gain of net worth during the marriage. As a result the trial court awarded Mrs. Branton lump sum alimony *1040 of $60,000. The court further awarded her half of the couple's jointly acquired furnishings and appliances and $1500 in attorney's fees. The court also ordered Mr. Branton to pay all medical, dental and eye care expenses for Mrs. Branton not covered by medical insurance or Medicare.
Mrs. Branton alleges first that the lump sum alimony award amounts to an abuse of discretion. An award of alimony and its form and/or amount are within the discretion of the trial court. Miss. Code Ann. § 93-5-23 (Supp. 1989) A wife is due reasonable alimony, commensurate with her standard of living, and the husband's ability to pay. Banks v. Banks, 511 So.2d 933, 936 (Miss. 1987). A divorcing spouse who has assisted his wife or her husband in the accumulation of wealth during the marriage as reflected by an increase in net worth may be awarded lump sum alimony reflecting an equitable portion of the increase. Jones v. Jones, 532 So.2d 574, 580 (Miss. 1988). Other factors considered by this Court include the length of the marriage, the amount of separate income available to the divorcing spouse, and the amount of financial security the lump sum award may provide. Cheatham v. Cheatham, 537 So.2d 435, 438 (Miss. 1988). The lump sum award is based on the finding that before the marriage, the assets of the respective parties had been $817,000 for Mr. Branton and $30,000 for Mrs. Branton. The chancellor further found that Mr. Branton's worth had increased $446,000 during the course of the marriage, and Mrs. Branton's assets had increased by $110,754.11. The trial court also found that though Mrs. Branton had been involved in Mr. Branton's construction business, the contribution she had made had not been significant, and that her efforts had been concentrated more as a homemaker. There was no manifest error as far as the trial court's findings of fact are concerned. However, considering all of the above-mentioned factors, particularly the length of the marriage, the respective net worths of the parties, and the contributions made by Mrs. Branton to the business and the marital home, it is evident that the $60,000 lump sum award is so low as to be an abuse of discretion.
Mrs. Branton also argues that the award of $1400/month periodic alimony was error. The trial court specifically awarded this amount to take care of Mrs. Branton's expenses, and to provide her with a standard of living commensurate with what she had enjoyed in the past. As stated before, it found that her expenses were $2500, assuming that she was still living in White Hall. The court subtracted Mrs. Branton's separate monthly income, $1100, from the $2500 to arrive at her monthly award. Despite having arrived at her expenses by assuming she had access to a debt-free home, the court awarded the home to Mr. Branton. The court apparently did not make any allowance for housing in its award. Both because of the paucity of the amount and the manner it which it was computed, the court erred in making the periodic alimony award. The judgment of the chancery court, as it relates to the awards of lump sum and periodic alimony, is reversed and remanded.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents.
DAN M. LEE, Presiding Justice, dissenting:
After a review of the record before us, I am convinced that in reaching its decision the majority has substituted its opinion for that of the factfinder, a situation that is clearly contrary to our standard of review. Cheatham v. Cheatham, 537 So.2d 435 (Miss. 1988); Culbreath v. Johnson, 427 So.2d 705 (Miss. 1983). The proof before the chancellor in the case sub judice, amply supports the award of only $60,000.00 lump sum alimony supplemented by $1,400.00 per month periodic alimony. The findings of the Chancellor based on the proof were specific and well reasoned, as can be seen in the following excerpts of the opinion:

*1041 The Mississippi Supreme Court has authorized a lump sum alimony allowance to a wife in circumstances in which the wife has assisted her husband in the accumulation of wealth during the marriage as reflected by an increase in net worth, as an incident of a property settlement or where the wife has made a material contribution toward the acquisition of property which is titled in the name of the husband. In all such instances, the trial Court may place an equitable lien upon the property of the debtor spouse in order to secure the equitable lump sum award. Jones v. Jones, [532 So.2d 574] [(Miss. 1988)] Miss.Supreme Court No. 57,912, decided October 5, 1988.
In addition, Watts v. Watts, 466 So.2d 889 (Miss. 1985) states that property obtained by a party by inheritance is not regarded as jointly accumulated property; the acquisition does not arise by virtue of the joint efforts of the parties; nor is it the result of a contribution by one or the other spouses. In consequence, the increase in net worth occurring during the marriage of the parties should be reduced by the amount of property inherited by either Mr. or Mrs. Branton. (Watts, 891). Net worth increases, as a matter of equity, should likewise be reduced by settlements received as a result of a former marriage.
The Court finds from the evidence that Mrs. Branton acquired approximately $30,000.00 of her present assets as a result of her previous marriage. The Court finds that Mr. Branton presently holds bonds in the amount of $525,000.00, formerly the property of his mother, now deceased. The bonds, having been acquired by right of inheritance, should be deleted from the increase in net worth attributable to Mr. Branton. * * * Subtracting Mr. Branton's pre-marriage assets as stated on Exhibit 1, dated November 30, 1976, in the amount of $817,000.00 from the adjusted asset total of $1,263,000.00 results in an increase in assets during the marriage of $446,000.00. On the other hand, Mrs. Branton has previously received from the marriage $110,000.00.

In the early years of the marriage, Mrs. Branton assisted Mr. Branton in his construction business at Nashville, Tennessee. However, the Court finds that such efforts were in fact rewarded as a result of placing one of the properties, later sold by the parties, in her name. These sales proceeds are the original source of her mutual fund investment ($110,754.11). Since the early 1980's the parties have lived principally from income generated from Mr. Branton's investments; that is, the parties have paid expenses by use of rental from Mr. Branton's land, dividends and interest income from his investments. As a result the Court finds Mrs. Branton has made little or no contribution toward the acquisition of assets by such traditional means as working in her husband's business, contributing capital or other similar methods. Mrs. Branton's efforts have been principally directed toward her role as a homemaker for the parties. Jones, supra, recognizes that where one party performs services generally regarded as domestic in nature, they are nevertheless economic contributions. Jones, 580, Tedford v. Dempsey, 437 So.2d 410, 422 (Miss. 1983). Jenkins v. Jenkins, 278 So.2d 446 (Miss. 1973) is authority for the propriety of a substantial lump-sum award where the husband has accumulated considerable property and the wife's principal contribution is that of housewife. A careful reading of Jones, supra, convinces the Court that "contribution toward accumulation of assets" now includes that contribution made by a spouse as a homemaker. In such instance, the Court must make a fair division of assets for the wife.

Applying the above and foregoing principles of law as reflected by Jones v. Jones, supra, Tedford v. Dempsey, supra, and Jenkins v. Jenkins, supra, the Court concludes that a fair and equitable distribution of property to Mrs. Branton considering her past contribution as a housewife and homemaker for fourteen years is the additional sum of $60,000.00, said sum to be paid within a period of thirty (30) days from date. In *1042 making this additional award, the Court is mindful of the sum of $110,000.00 Helen Branton has previously acquired as a result of the marriage and of the periodic alimony of $1,400.00 per month ordered in this judgment.

In reversing and remanding, the majority has clearly ignored our limited standard of review: we "will not reverse a chancery court's findings of fact where they are supported by substantial credible evidence in the record. Anderson v. Burt, 507 So.2d 32, 36 (Miss. 1987); Norris v. Norris, 498 So.2d 809, 814 (Miss. 1986); Gilchrist Machinery Co., Inc. v. Ross, 493 So.2d 1288, 1292 (Miss. 1986); Cotton v. McConnell, 435 So.2d 683, 685 (Miss. 1983); Culbreath v. Johnson, 427 So.2d 705, 707-09 (Miss. 1983); Richardson v. Riley, 355 So.2d 667, 668 (Miss. 1978)." Clark v. Myrick, 523 So.2d 79, 80 (Miss. 1988).
The majority states: "There was no manifest error as far as the trial court's findings of facts are concerned." I agree. There is no question but there was substantial credible evidence in the record to support the findings of the Chancellor. Therefore, we are not at liberty to set these findings aside, calling it an "abuse of discretion" [whatever that is] and substitute our opinion therefor. Accordingly, I dissent.