KING, P.J.,
dissenting:
¶ 15. I respectfully dissent from the majority opinion.
¶ 16. Chris Brown has appealed the entry of a default judgment, arguing that he was not properly served.
¶ 17. The majority opinion indicates that the trial judge found that service was proper under either of two methods. Presumably, the methods are direct personal service, pursuant to 4(d)(1)(A) and service upon a third party, pursuant to 4(d)(1)(B) M.R.C.P. The record does not support this statement being attributed to the trial judge. However, the record does reflect that this representation was made to the trial judge by Mr. Chaze the attorney for the Appellee, Bond.[1]
¶ 18. Having misstated the remarks of the trial judge, the majority proceeds to disagree with those remarks stating that only one method of service would be applicable under these facts. That method, as inferred by the majority, is personal service pursuant to Rule 4(d)(1)(A) M.R.C.P. To establish service pursuant to Rule 4(d)(1)(A), the majority remands this matter to the trial judge to make a finding ... as to whether he found the deputy sheriff credible when he testified that he completed the applicable service. That applicable service being that he personally served Chris Bond.
¶ 19. The majority apparently desires that the trial judge utter those magic words, “I find the testimony of the deputy sheriff to be credible.” Having gotten the trial judge to utter these magic words, the majority will then arrive at its predetermined destination of affirming this judgment.
¶20. We do not require that our trial judges fill the record with magic words, such as “I find”, Dorman v. Dorman 737 So.2d 426, 431( ¶ 11) (Miss.App.1999). We do however, require that our trial judges use sufficient words to convey to this Court the basis for their actions. In my opinion, the trial judge met that requirement.
*242 ¶ 21. There is only one statement in the record, made by the trial judge, which provides a basis for his ruling. That statement is this, “I believe you’re correct, that when the service is had upon an adult resident of the household in the absence of the named defendant it’s still good service of process. The fact that service was left somewhere else or lost or what have you, that’s not the plaintiffs fault.”[2]
¶ 22. Where the trial judge has made a finding, whether explicit or implicit, the function of this Court is to review the record to determine whether that finding is supported by substantial evidence. Cotton v. McConnell, 435 So.2d 683, 685 (Miss.1983). Where the record contains substantial evidence to support that finding, our only recourse is to affirm. Culbreath v. Johnson, 427 So.2d 705, 708 (Miss.1983). Where the record does not contain substantial evidence to support that finding, our only recourse is to reverse. Tinnin v. First United Bank of Mississippi, 570 So.2d 1193, 1194 (Miss.1990).
¶ 23. In the present case, the trial judge implicitly found service of process pursuant to rule 4(d)(1)(B) M.R.C.P. The record contains testimony that process was left with an eligible third party, However, 4(d)(1)(B)[3] also requires a mailing to the Defendant. The record clearly reflects that the required mailing was not done. Accordingly, there was not substantial evidence to support the finding of the trial judge, and we are compelled to reverse. Id. at 1194.
¶ 24. The majority implicitly acknowledges the trial court’s finding of service *243 under 4(d)(1)(B) by its decision to reverse this matter. Unless there is a finding of 4(d)(1)(B) service, there exists nothing for the majority to reverse.
¶ 25. Where supported by substantial evidence we are bound by the trial court’s finding of facts. Simmons v. Cleveland, 749 So.2d 192, 195(¶9) (Miss.App.1999) (quoting Richardson v. Riley, 355 So.2d 667, 668 (Miss.1978)). Because the trial judge found 4(d)(1)(B) service, he of necessity found a failure of 4(d)(1)(A) service. There is then nothing to remand for further determination.
¶26. In seeking to reach its predetermined destination of affirming this judgment, the majority states, “We may uphold the lower court on a different legal basis than the one on which he relied, or as here uphold him on one of the two bases.” While this is correct as a general statement of law, it is absolutely incorrect when applied to the facts of this case.
¶ 27. The facts required for proper service pursuant to Rule 4(d)(1)(A) M.R.C.P. are totally inconsistent with the facts required for proper service under Rule 4(d)(1)(B) M.R.C.P. Because they are mutually exclusive, a finding of one must of necessity exclude the other.
¶ 28. Because the trial judge found 4(d)(1)(B) service, he of necessity found a failure of 4(d)(1)(A) service.
¶ 29.1 would reverse and render.
BRIDGES AND IRVING, JJ., JOIN THIS OPINION.

. Mr. Chaze: "Pursuant to Rule 4, I believe either way he's been served if he served a person that's a full-time resident of the same household, is my understanding of rule 4. But frankly I would stand behind the deputy of Stone County. He testified under oath that he served the gentleman.
But from either perspective, with respect to Rule 4, I believe it specifically says that if you serve somebody that's a resident of the household that's also good service of process.”

. To indicate that this remark is not taken out of context, I have included the other portions of that conversation:
Mr. Chaze: "Pursuant to Rule 4, I believe either way he's been served if he served a person that’s a full-time resident of the same household, is my understanding of rule 4. But frankly I would stand behind the deputy of Stone County. He testified under oath that he served the gentleman.
But from either perspective, with respect to rule 4, I believe it specifically says that if you serve somebody that’s a resident of the household that’s also good service of process.
The Court: I believe you're correct, that when the service is had upon an adult resident of the household in the absence of the named defendant it’s still good service of process. The fact that service was left somewhere else or lost or what have you, that's not the plaintiff’s fault.
Mr. Chaze: I would also add, Your Honor, I must say there’s no sense in making anecdotal observations, but it would be unusual for such an important paper to have been served on a woman who’s acting as Mr. Brown's mother and surmise from that to deduce from that that she never gave it to him.
But once again, I stand behind the Stone County Sheriff's department and its integrity, that’s my primary contention here. But even taking the perspective of Mr. Brown, he's still been served. And it simply comports with Rule 4 and 2 as opposed to simply one
The Court: Okay.”

. Rule 4(d)(1)(B) reads: Summons and complaints: Persons to be served. The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:
(1) Upon an individual other than an unmarried infant or a mentally incompetent person,
(A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant’s spouse or some other person of the defendant’s family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.